STATE, EX REL. WALDRON, Plaintiff-Appellant, v. BOARD OF COUNTY COMMISSIONERS, Defendants-Appellees.

Ohio Appeals, Seventh District, Trumbull County.

No. 1441.   Decided April 27, 1959.

Howard Mills, Niles, for plaintiff-appellant.
Charles H. Anderson, Pros. Atty., Warren, for defendants-appellees.

## OPINION

By PHILLIPS, J.

Plaintiff, a taxpayer of Trumbull County, appeals to this court on questions of law from a judgment of Judge McLain of the court of common pleas entered in plaintiff's action in mandamus filed in that court on behalf of himself and his fellow taxpayers against the Board of County Commissioners of Trumbull County to compel it to create "a new township excluding the territory of the cities located in Howland Township, in compliance with the provisions of §503.09 et seq, R. C.," in which township two cities are in part only situated within the boundaries of Howland township.

In the case of Myron Berlin et al, as Trustees of Liberty Township v. Board of Commissioners of Trumbull County, numbered 67753 on the docket of that court Judge Birrell, a judge thereof, held that where the township did not contain the whole of a city within its boundaries that a petition filed by free-hold electors not residents of the city or cities praying that the Board of County Commissioners set aside a new township excluding the territories of such cities did not come within the terms of the provisions of §503.09 et seq, R. C. The trial judge, Judge McLain, in the case we review reached the same conclusion as Judge Birrell.

Sec. 503.09 R. C., provides:—

"Where a township contains a city, if a majority of the freeholder electors owning land in the portion of such a township outside such city limits, petitions, with a map accurately setting forth such territory, praying to have such territory erected into a new township, and excluding the territory within the city, the board of county commissioners shall enter an order erecting such territory into a new township, the boundaries of which need not include twenty-two square miles of territory. Upon the erection of such new township, the territory lying within

the limits of the city in the original township shall be considered as not being located in any township."

The refusal of the Board of County Commissioners to act as petitioned by plaintiffs is based on its contention that the language of §503.09 R. C., that "where a township contains a city" means that the city involved must be situated entirely within such township.

Plaintiff contends that §503.09 et seq, R. C., were enacted to remedy the evil of city electors governing township business not effecting such electors whose interests are opposed to township citizens residing outside such city limits; and that in construing those sections of the Revised Code we must look to the accomplishment of that purpose.

It is true that the trial judge was not, as plaintiff contends, bound by the doctrine of share decisis to follow the holding of the court of common pleas in case numbered 67753.

Adhering to the rule as long since announced by the Supreme Court we have no difficulty interpreting the clear meaning of the legislature in the language it used in §503.09 R. C., which in our opinion is not of doubtful meaning and in so construing it as to give it effect.

We believe that the legislature meant what it clearly said that "where a township contains a city" means that the city to which it refers must be situated entirely within the township.

The judgment of the court of common pleas is affirmed.

GRIFFITH, PJ, DONAHUE, J, concur.